## Garris, Appellant, *v.* Bell.

*Negligence—Children—Vehicles—Wagons—Contributory negligence of parents—Case for jury.*

1. Where in an action for injuries to a child alleged to have been occasioned by a wagon, while the child was playing in the street, there was evidence that at the time of the accident the parents knew that the child was playing in the street, the question of their contributory negligence was for the jury.

2. Where in such case there was evidence from which the inference could be drawn either that defendant's driver drove in negligent proximity to the child so that she was struck by the wheel, or that the child was not injured by the wagon, or that while playing the child brought herself in contact with the hub, without fault upon the driver, the case was for the jury and a verdict and judgment for defendant was justified by the evidence.

Argued Feb. 9, 1916. Appeal, No. 385, Jan. T., 1916, by plaintiffs, from judgment of C. P. Delaware Co., June T., 1913, No. 352, on verdict for defendant in case of Rebecca Josephine Garris, a minor, by her father and next friend, James Garris, and the said James Garris v. Andrew Bell. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion by BROOMALL, J.:

This is an action brought for the purpose of recovering compensation for injuries alleged to have been sustained by the plaintiffs caused by the alleged negligence of the defendant. The verdict of the jury was in favor of the defendant. Plaintiffs move for a new trial, and submit three questions for our consideration.

The first is that error was committed in the instructions to the jury with respect to damages. This question is unimportant, because the jury have rendered a verdict in favor of the defendant.

The second question is alleged error with respect to the contributory negligence of the father, and in this regard we are referred to citations of authorities holding that the contributory negligence of a father with respect to his child, and with regard to permitting the child to play in the street, is not a question to be determined by the court. These authorities have no application to this case, because the contributory negligence of the parent was referred to the jury for their decision. This was rightfully so referred, because evidence was introduced by the defendant that this child played in the street with the knowledge of her parents.

The third matter is a complaint about a view of the case which was submitted by the court to the jury. Under the evidence the jury were at liberty to come to any one of three conclusions. First, that while the girl plaintiff was playing in the street, the defendant's driver drove in negligent proximity to her and struck her with the hub of the rear wheel of his wagon and knocked her down and injured her foot. Or, secondly, they might have come to the conclusion in accordance with the defendant's testimony that the child was not injured at all by the defendant's wagon. Or, thirdly, they might have come to a conclusion by a sort of combination of the evidence of the plaintiff and defendant in an effort to harmonize it, that is to say, that the girl plaintiff ran into the street offering a tag for sale to the driver, and when he refused, that she whirled in a frolicsome way and brought herself in contact with the hub of the rear wheel, was knocked down and her foot was injured by the wheel. In this aspect of the case the jury were instructed that unless the driver drove in dangerous proximity to the child, there would be no responsibility upon the defendant for an unexpected frolicsome act of the girl.

There was ample evidence to support any one of these three views of the case.

The case was entirely for the jury, and we have reviewed the manner of its submission to them, and have not been pointed to any error of law in the manner of its submission.

Verdict and judgment for defendant.   Plaintiffs appealed.

*Errors assigned* were various portions of the charge.

*V. Gilpin Robinson,* with him *John A. Poulson,* for appellants.

*Joseph H. Hinkson,* with him *J. DeHaven Ledward,* for appellee.

PER CURIAM, March 13, 1916:

The judgment is affirmed on the opinion of the court below refusing the motion for a new trial.